No. 9272.

HACKLER ET AL. *v.* THE STATE, EX REL. COLEMAN ET AL.

SUPREME COURT.—*Evidence.*—*Practice.*—Where there is evidence in the record tending to support the finding of the court below, the Supreme Court will not weigh it to determine its sufficiency.

SAME.—*Justice of the Peace.*—*Breaches of Bond.*—*Omitted Allegation.*—In an action upon the bond of a justice of the peace, the complaint alleging as breaches his conversion of money collected on judgments and his failure to bring suit upon claims, evidence of his collection of money for the plaintiffs without process is not admissible.

From the Daviess Circuit Court.

*J. W. Ogden* and *C. L. Tharp,* for appellants.

*J. M. Van Trees* and *J. W. Burton,* for appellees.

BICKNELL, C. C.—This was a suit upon the official bond of a justice of the peace.

Two breaches were assigned:

1st. That the relators placed in the hands of the justice for collection, a large amount of notes, claims, accounts and demands, for a large portion of which said justice rendered judgments, collected the money thereon, and converted the same to his own use.

2d. That for a large amount of the notes, accounts, claims, and demands, so as aforesaid placed by the relators in the hands of said justice for collection, with instructions to issue

summons thereon, the persons owing the same were good, responsible and solvent, and resided within the jurisdiction of the justice, and so remained for five years, but have since become insolvent, and by the neglect and failure of said justice to issue summons, and render judgment and collect said notes, accounts, claims and demands, within a reasonable time, the same have been wholly lost to the relators, and that defendant, although often requested, has refused to pay over or account for said claims.

The defendant, the justice, answered in five paragraphs:

1st. The general denial.

2d. That the amount collected by suit and judgment was $539.23, of which only $360.07 was paid to defendant; that the remainder, to wit, $179.16, was paid by the parties to the relators; that $381.22 was collected by defendant without process, and paid to plaintiffs before the commencement of this suit; that by order of plaintiffs defendant gave up to Samuel Hyatt $149.47 of said notes and claims, and that the rest of said claims, to wit, $242.99, he has not been able to collect, and now offers to bring them into court and surrender them to plaintiffs; and that of this "last batch of claims, the plaintiffs themselves have collected $84.53, the remainder being insolvent or barred by the statute of limitations."

3d. Many of the claims were of doubtful solvency, and plaintiffs instructed defendant to use his discretion as to the manner of collecting the same, so as not to incur costs in litigating insolvent claims; that he brought suit on such claims as he deemed worth litigating, and collected on judgments, $360.07, which he paid over.

4th. That plaintiffs agreed to pay him ten per cent. for all he might collect without process, and he did so collect $381.22, for which plaintiffs now owe him $38.12, which is long past due and unpaid.

5th. A set-off of $21.75 for costs due and expenses paid.

The surety on the bond answered the complaint in two paragraphs:

1st. A general denial.

2d. Payment by the justice before suit brought.

The plaintiffs filed replies in denial of each of the foregoing special defences.

The issues were tried by the court without a jury; there was a finding for the plaintiffs for $350; the defendants' motion for a new trial was overruled, and judgment was rendered upon the finding.

The defendants appealed. The error assigned is that the court erred in overruling the motion for a new trial.

The reasons assigned for a new trial are:

1. That the damages are excessive.

2. The amount of the recovery was too large.

3. The finding is not sustained by sufficient evidence.

4. The finding is against the evidence.

5. The finding is against the law and the evidence.

6. The finding is contrary to law because of error of law occurring at the trial, and excepted to by defendant at the time, to wit, in allowing the plaintiffs to introduce evidence to show that defendant had collected money on the accounts and notes mentioned in exhibit B of plaintiffs' complaint, by other than legal process.

The appellants, in their brief, say that the reasons set forth in the first, second, third, fourth and fifth causes for a new trial, are substantially the same. The real question is, whether the finding is sustained by the evidence. We have examined the testimony; there is evidence tending to support the finding, and where that is the case, this court can not weigh the testimony. This rule is so well established, that no decision need be cited in its support.

As to the sixth reason, the first breach alleged was for converting to the use of the justice, and failing to pay over to the plaintiffs, money collected on judgments.

The second breach alleged was for failing to bring suit upon claims which might have been collected by suit.

Neither of these breaches relates to or charges that any money

-was collected by the justice without process, and it was, therefore, error to admit, over the defendants' objection, evidence of money collected without process. There was no breach alleged under which such evidence was admissible.

For this error, the judgment must be reversed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be and it is hereby reversed, at the costs of the appellees.